51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edelmiro MONTES-GOMEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Flores RIVERA, aka: Daniel Meza, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe TORRES-BARRAZA, Defendant-Appellant.
 Nos. 93-50825, 93-50862 and 94-50055.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided March 30, 1995.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR, District Judge.*
 
 
 2
 MEMORANDUM**
 
 Montes-Gomez, No. 93-50825
 
 3
 A. We agree with the district court that Montes-Gomez failed to make a prima facie showing of duress. Even assuming he was under a death threat of sufficient immediacy, he had ample opportunity, during the interval between his departure from Mexico and his arrest in the United States, to escape the threatened harm. Thus, as in United States v. Atencio, 586 F.2d 744, 747 (9th Cir.1978), Montes-Gomez "failed to present evidence which would indicate that he had no opportunity to avoid violating the law without subjecting himself to further immediate danger." See also United States v. Jennell, 749 F.2d 1302, 1306 (9th Cir.1984) (no duress defense where defendant fails to submit to authorities at first reasonable opportunity).
 
 
 4
 B. While the prosecutor's reference to the informant during closing argument was improper, this error, considered in light of the entire record, was harmless. The government presented overwhelming evidence of Montes-Gomez's guilt at trial, and the district court instructed the jury on several occasions that the statements of lawyers could not be viewed as evidence. See United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986).
 
 Flores Rivera, No. 93-50862
 
 5
 A. The prosecutor's reference to the informant during closing argument was directed at Montes-Gomez and could not have influenced the jury's evaluation of Flores Rivera's "no knowledge" defense. The prosecutor's reference to an audio-tape that wasn't introduced at trial was also harmless error, if it was error at all. As with Montes-Gomez, the government presented overwhelming evidence of Flores Rivera's guilt at trial, and the district court immediately instructed the jury that the statements of lawyers were not to be viewed as evidence. See id.
 
 
 6
 B. The agent who provided expert testimony never mentioned Flores Rivera by name, making it highly unlikely that the jury viewed the testimony as a direct statement of opinion on Flores Rivera's mental state. Moreover, the testimony came in on cross-examination in response to defense counsel's questioning. On this record, we cannot conclude that the district court abused its discretion in denying Flores Rivera's request for a mistrial.
 
 
 7
 C. The district court did not abuse its discretion by admitting evidence of the February 1993 cocaine shipment. Flores Rivera's participation in the February shipment was directly relevant to his contention at trial that he had no knowledge of the cocaine. This prior bad act wasn't too remote in time, and the February and April shipments were sufficiently similar, given the purpose for which the 404(b) evidence was introduced. See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992). The government presented the eyewitness testimony of Agent Moore to establish that Flores Rivera was indeed the individual who participated in the February shipment.
 
 
 8
 D. The district court observed the testimony of Flores Rivera and the government agents regarding the alleged Miranda violation. The court found that Flores Rivera's testimony wasn't credible, and ruled that he made a knowing and voluntary waiver of his Miranda rights before questioning began. The district court did not commit clear error in making this determination, and did not abuse its discretion in allowing the prosecution to cross-examine Flores Rivera at the hearing.
 
 
 9
 E. After considering the evidence presented at trial, the district court found that Flores Rivera's participation in the offense was more than minor. We find no clear error in the district court's ruling on this point.
 
 Torres-Barraza, No. 94-50055
 
 10
 A. The jury heard testimony that, over a period of four days, Torres-Barraza engaged in counter-surveillance activities consistent with the role of a lookout in a drug trafficking operation. We have held that evidence of such activity is sufficient to support a conspiracy conviction. See, e.g., United States v. Mares, 940 F.2d 455, 458-60 (9th Cir.1991). Torres-Barraza contends that the conspiracy proved at trial was considerably broader than the conspiracy charged in the indictment, and that there was insufficient evidence tying him to this broader conspiracy. The conspiracy alleged in the indictment involved only the April 1993 shipment; the government introduced evidence of the February 1993 shipment solely against Montes-Gomez and Flores Rivera under Fed.R.Evid. 404(b), and an appropriate limiting instruction was given without objection. See GER 461. Torres-Barraza himself introduced evidence of the July and December 1992 shipments. Thus, he may not now complain that mention of these shipments at trial created a fatal variance with the more limited conspiracy charged in the indictment and proved by the government.
 
 
 11
 B. The district court did not abuse its discretion in allowing DEA agents to testify that they observed Torres-Barraza engaging in counter-surveillance activities. We have previously held that such testimony is admissible. See, e.g., United States v. Fleishman, 684 F.2d 1329, 1335 (9th Cir.1982).
 
 
 12
 C. The prosecutor's reference to the informant during closing argument did not constitute reversible error. As noted with respect to Flores Rivera, any error that occurred here was harmless. The prosecutor's remarks were directed at Montes-Gomez, and could not have had any impact on the jury's evaluation of Torres-Barraza's participation in the conspiracy.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3